**NOT FOR PUBLICATION**

**FILED**

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON VAZQUEZ RENOJ, | No. 20-71910 |
| Petitioner, | Agency No. A208-117-638 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before: SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Nelson Vazquez Renoj, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

In his opening brief, Vazquez Renoj does not challenge the BIA's determination that he waived any challenge to the IJ's dispositive nexus determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We lack jurisdiction to consider the particular social group that Vazquez Renoj raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below). Thus, Vazquez Renoj's asylum and withholding of removal claims fail.

As to the denial of Vazquez Renoj's CAT claim, the agency appears to have relied only on the determination that Vazquez Renoj failed to demonstrate that torture would be by or with the consent or acquiescence of a public official or other person acting in an official capacity. Substantial evidence does not support that determination because the record demonstrates that Vazquez Renoj was extorted and threatened with death by a police officer. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 362 (9th Cir. 2017) ("[T]he [CAT] regulation does not require that the

public official be carrying out his official duties, so long as he is the actor or knowingly acquiesces in the acts.").  Thus, we grant the petition for review and remand Vazquez Renoj's CAT claim to the BIA for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Vazquez Renoj requests remand to apply for post-conclusion voluntary departure.  Although the claim is unexhausted, the BIA would not have had the benefit of our decision in *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021), holding that "a noncitizen builds up physical-presence time under [8 U.S.C.] § 1229c(b)(1)(A) from the moment he enters the United States until the moment he receives a single document that provides him with all the information Congress listed in 8 U.S.C. § 1229(a)—*i.e.*, a § 1229(a) NTA", even if Vazquez Renoj had raised the claim below.  Thus, the futility exception excuses Vazquez Renoj's failure to exhaust his voluntary departure claim.  *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("'[w]here the agency's position 'appears already set' and recourse to administrative remedies is 'very likely' futile, exhaustion is not required.'" (citation omitted)).  Accordingly, we grant the petition for review as to Vazquez Renoj's voluntary departure claim and we remand for the BIA to consider the claim, if necessary, in light of *Posos-Sanchez*. *See Ventura*, 537 U.S. at 16-18.

Each party must bear its own costs on appeal.

The motion for a stay of removal is granted. Vazquez Renoj's removal is stayed pending a decision by the BIA.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**